**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Bel Sogno Enterprises LLC,

Plaintiff,

v.

Arrivia Incorporated,

Defendant.

No. CV-26-06292-PHX-MTL

**ORDER**

The Court ordered the parties to file a joint report with proposed custodians and search terms, the parties' availability, and a revised briefing schedule. (Doc. 26.) The Court also solicited the parties' positions on provisions of a proposed protective order. (*Id.*) The parties conferred, but Plaintiff Bel Sogno Enterprises represents that Defendant arrivia did not timely provide BSE with its positions. (Doc. 27 at 1-2.) BSE unilaterally filed a Report (Doc. 27), Motion for Protective Order (Doc. 28), and Motion to Seal (Doc. 29). The Court now rules on the record before it.

**I.**

According to BSE's Report, the parties have come to an agreement on certain items at their meet and confer, and the Court will adopt those positions. In particular, the Court will set an evidentiary hearing on Plaintiff's forthcoming Renewed Motion for Preliminary Injunction for February 25, 2026, and February 26, 2026. (Doc. 27 at 2.) The Court will also adopt the parties' proposed briefing schedule. (*Id.*) The Court will also impose the parties' agreed-upon relevant time frame for BSE's RFP No. 1: August 17, 2026, through

September 9, 2026. (*Id.* at 5.)

**II.**

The Court acknowledges that only BSE has provided its positions with respect to the issues on which the parties disagree, namely with respect to BSE's RFP No. 1. Where the record leaves a dispute unresolved, arrivia bears the consequence of its failure to comply with the Court's Order (Doc. 26).

In its Report, BSE indicates that the parties have reached an impasse on the designation of custodians and search terms for arrivia's response to BSE's RFP No. 1. (Doc. 27 at 2-5.) BSE's RFP No. 1 requests the entire custodial file of nine named custodians: Nick Kuhl, Trevor Steege, Mike Nelson, Mark Wilson, Tom Hicks, Shawn Sandy, Ganesh Baskaran, Lyell Peterson, and Jennifer Kleinberg, "and any other person at or affiliated with arrivia who had access to information from the Protected Production." (Doc. 27-1 at 6.) The "Protected Production" is defined as the documents produced by Travis Markel in the underlying arbitration proceeding. (*Id.* at 3.) In its Report, BSE proposes Diane Smith as an additional custodian. (Doc. 27 at 3.) BSE represents that, at the parties' meet and confer, arrivia proposed limiting custodians to members of arrivia's legal team who had access to the Protected Production and anyone to whom the legal team emailed a document from it. (*Id.* at 3.)

Having considered the parties' positions reflected in the record, the Court finds that designating BSE's proposed named custodians is appropriate. Each custodian is a declarant or identified on relevant emails arrivia itself filed. (*See* Doc. 12-3.) Those emails contain discussions about BSE's prospective acquisition target. (Doc. 27 at 3.) Moreover, arrivia's now-suspended Chief Customer Operations Officer, Nick Kuhl, stated in his declaration that there was email traffic among these custodians, which related to BSE information after the Protected Production was made. (*See* Doc. 13-1.) arrivia's proposed limitation would capture only documents the legal team transmitted in written form. It would not reach oral disclosures or downstream business communications that are central to BSE's theory of misappropriation. (*See* Doc. 6-1 (declaring that information from the Protected Production

was discussed in an "in-person meeting").) The ten custodians are identifiable from arrivia's own filings and searches of their files would be limited to a period of about three weeks, so the burden of searching these custodians' files is proportional to the needs of the preliminary injunction proceedings. *See* Fed. R. Civ. P. 26(b)(1). The Court, however, will decline to compel the production of the custodial files of "any other person at or affiliated with arrivia who had access to information from the Protected Production." (*See* Doc. 27-1 at 6.) The Court finds that the proposed catch-all category of custodians is not sufficiently defined and does not allow for a targeted collection.

The parties also disagree on the search terms that arrivia is to apply to the custodial files. BSE's proposed search terms are set out in Exhibit B to the Report, which is filed under seal. (*See* Doc. 30.) BSE represents that it built its proposed list from terms it understands appear in the Protected Production and from terms it reasonably expects would identify communications among arrivia's business team about actions taken on the basis of that information. (Doc. 27 at 4.) BSE has also offered to discuss narrowing any terms that produce a high volume of hits. (*Id.*) The record does not show that arrivia proposed alternative terms or suggested ways to narrow BSE's terms. (*Id.*)

The Court has carefully reviewed the proposed terms and finds them reasonably tailored to the issues presented by BSE's request for preliminary injunctive relief. The terms are likely to hit on documents that bear on the question of whether, and to what extent, information from the Protected Production was disseminated and used within arrivia. In light of the limited set of custodians and relevant time frame, the Court also finds that BSE's proposed terms are proportional to the needs of the preliminary injunction proceedings. *See* Fed. R. Civ. P. 26(b)(1). Moreover, BSE's offer to narrow terms that produce a high volume of hits is an adequate safeguard against undue burden. The Court will therefore compel arrivia to adopt BSE's proposed search terms as to BSE's RFP No. 1.

The Court also agrees with BSE that arrivia's in-house counsel should not review the search terms or run the collection, particularly because BSE's allegations concern in-house counsel's handling of material from the Protected Production. Custodian files may

be collected by a third-party vendor or outside counsel. arrivia's in-house counsel will be prohibited from running the collection.

**III.**

BSE also filed a Motion for Entry of Protective Order. (Doc. 28.) BSE represents that it did not receive arrivia's positions until a few hours before the Court's deadline to file, so it did not have sufficient time to address the substantial arguments made by arrivia. (*Id.* at 1.) The parties dispute the definition of "Counsel" and the provisions governing the use of designated materials. (Doc. 28-1 at 2-3, 5, 8-9.) For the following reasons, the Court will grant the Motion (Doc. 28) and adopt BSE's proposed provisions.

BSE proposes limiting the definition of "Counsel," and therefore access to material designated "CONFIDENTIAL – FOR COUNSEL ONLY," to the parties' outside counsel and their staff. (Doc. 28-1 at 2-3.) arrivia's proposed definition would extend access to its in-house counsel. (*Id.* at 2.) Federal Rule of Civil Procedure 26(c) permits the Court to protect parties from "undue burden or expense" in discovery by ordering "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." Whether the Court should allow in-house counsel to access a competitor's confidential information turns on the risk of inadvertent disclosure. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). As the primary factual basis for this lawsuit, BSE has presented evidence that arrivia's in-house counsel shared Attorneys' Eyes Only information from the Protected Production with unauthorized individuals. (*See* Doc. 6-1.) On this record, the Court finds that the risk of disclosure by arrivia's in-house counsel is sufficiently high such that limiting the definition of "Counsel" to outside counsel is appropriate. The arbitrator's ruling does not change this analysis, since BSE was not a party to the arbitration.

The Court also declines to adopt arrivia's proposed definition that excludes any attorney or law firm that represents Travis Markel or any affiliate or subsidiary of Open Network Exchange, Inc., as well as Foley & Lardner LLP. (*See* Doc. 28-1 at 2-3.) arrivia's proposal would bar BSE's own counsel from reviewing Attorneys' Eyes Only material,

and the Court finds that such a result is unwarranted. The Court will adopt only BSE's proposed definition of "Counsel."

BSE's final proposal is for the Court to adopt provisions that limit the disclosure and use of designated material to the prosecution or defense of this action. (Doc. 28-1 at 5, 8-9.) The Court finds that these provisions are appropriate. In addition to being a standard feature of protective orders, BSE's proposed provisions are especially warranted in this case, which arises from the alleged misuse of confidential material outside the proceeding in which it was produced. BSE is not a party to the Markel arbitration and has no control over the use of information there. The Court will therefore adopt BSE's proposed provisions with respect to the disclosure and use of designated materials.

**IT IS ORDERED** that Plaintiff's Motion to Seal (Doc. 29) is **GRANTED**. The Clerk of Court is directed to file Doc. 30 under seal.

**IT IS FURTHER ORDERED** that the relevant time frame for BSE's RFP No. 1 is **August 17, 2026**, through **September 9, 2026**.

**IT IS FURTHER ORDERED** that in complying with BSE's RFP No. 1, arrivia must designate the following custodians: Nick Kuhl, Trevor Steege, Mike Nelson, mark Wilson, Tom Hicks, Shawn Sandy, Ganesh Baskaran, Lyell Peterson, Jennfier Kleinberg, and Diane Smith. arrivia's outside counsel or a third party vendor must run the collection pursuant to the search terms proposed by BSE. (*See* Doc. 30.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Protective Order (Doc. 28) is **GRANTED** insofar as it proposes Plaintiff's provisions. The Court will issue the Protective Order separately.

**IT IS FURTHER ORDERED** that Plaintiff must file its Renewed Motion for Preliminary Injunction no later than **December 3, 2026**. Defendant must file its response no later than **December 17, 2026**. Plaintiff must file its reply no later than **December 29, 2026**.

**IT IS FURTHER ORDERED** setting an in-person evidentiary hearing on Plaintiff's forthcoming Renewed Motion for Preliminary Injunction for **February 25,**

**2027, at 9:00 a.m.**, and **February 26, 2027, at 9:00 a.m.**, in Courtroom 504, 401 West Washington Street, Phoenix, Arizona 85003 before United States District Judge Michael T. Liburdi.

**IT IS FINALLY ORDERED** that the parties shall **jointly** prepare and file a joint pre-hearing statement by **February 11, 2027**, setting forth the following information:[1]

**A. COUNSEL FOR THE PARTIES**

Include the mailing addresses, office phone numbers and email addresses.

Plaintiff(s):

Defendant(s):

**B. STATEMENT OF JURISDICTION**

Cite the statute(s) that gives this Court jurisdiction.

State whether jurisdiction is or is not disputed.

(If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the bases for the objection.)

**C. LIST OF WITNESSES**

Each party shall **separately** list the names of witnesses, their respective addresses, whether a fact or expert witness, and a brief statement as to the testimony of each witness. The witnesses shall be grouped as follows: (1) witnesses who shall be called at the hearing; (2) witnesses who may be called at the hearing; and (3) witnesses who are unlikely to be called at the hearing.

Additionally, the parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses above and that party cannot rely on that witness having been listed or subpoenaed by another party."

**D. LIST OF EXHIBITS** (SEE ATTACHMENT #1 - the parties shall number exhibits as provided in Attachment #1 ("Exhibits - Marking, Listing

[1] The Court's copy of every document required by this Order shall be **three-hole punched** on the left side of the document.

and Custody"), and such numbers shall correspond to the numbers of exhibits listed in the **joint** pre-hearing statement):

**1.** The following exhibits are admissible in evidence and may be marked in evidence by the Clerk:

**a.** Plaintiff's Exhibits:

**b.** Defendant's Exhibits:

**2.** As to the following exhibits, the parties have reached the following stipulations:

**a.** Plaintiff's Exhibits:

**b.** Defendant's Exhibits:

**3.** As to the following exhibits, the party against whom the exhibit is to be offered objects to the admission of the exhibit and offers the objection stated below:

**a.** Plaintiff's Exhibits:

(E.g., City Hospital records of Plaintiff from March 6, 1985 through March 22, 1985. Defendant objects for lack of foundation because . . . (the objection must specify why there is a lack of foundation)).

**b.** Defendant's Exhibits:

(E.g., Payroll records of Plaintiff's employer which evidences payment of Plaintiff's salary during hospitalization and recovery. Plaintiff objects on grounds of relevance and materiality because (the objection must specify why the exhibit is not relevant or material)).

**4.** The parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any objections not specifically raised herein are waived."

**E. DEPOSITIONS TO BE OFFERED**

The parties shall list the depositions that may be used at the hearing. The portions to be read at the hearing shall be identified by page and line number in the **joint** pre-hearing statement. Additionally, the party offering the deposition shall provide the Court with a copy of the offered deposition testimony. The offering party shall highlight, in color, the

portions of the deposition to be offered. If multiple parties are offering the same deposition, only one copy of such deposition shall be provided. Such copy shall contain each parties' highlighting (each party should use a different color).

The parties shall include the following text in this section of the **joint** pre-hearing statement: "Each party hereby acknowledges by signing this **joint** pre-hearing statement that any deposition not listed as provided herein will not be allowed, absent good cause."

**F. ESTIMATED LENGTH OF HEARING**

___ hours.

**G. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Each party shall submit **separate** Proposed Findings of Fact and Conclusions of Law by the same date the **joint** pre-hearing statement is due. The Proposed Findings of Fact and Conclusions of Law shall be submitted by: 1) electronically filing a notice of filing the proposed findings of fact and conclusions of law with the Clerk of the Court (the proposed findings of fact and conclusions of law must be attached to this notice); 2) mailing a paper copy (three-hole punched) to chambers; and 3) e-mailing a Word compatible copy to the chambers' e-mail address.[2] Additionally, Plaintiff shall submit a proposed preliminary injunction, including the proposed bond amount.

Dated this 25th day of September, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge

---

[2] Liburdi_chambers@azd.uscourts.gov

**ATTACHMENT #1**
**EXHIBITS - MARKING, LISTING AND CUSTODY**
For United States District Court Judge
**Hon. Michael T. Liburdi**

Forms to assist you in preparing exhibit and witness lists and marking exhibits are available at www.azd.uscourts.gov under the "Judges' Information" tab, "Orders, Forms, & Procedures"

## MARKING EXHIBITS:

**Marking and listing of exhibits is the responsibility of counsel.** Counsel are required to use the exhibit cover sheets and/or adhesive labels as described herein.

**Exhibits submitted in an incorrect format will be returned to counsel to be corrected and resubmitted.**

1. Exhibit cover sheets should be printed on colored paper to indicate the party offering the exhibit: YELLOW for plaintiff, BLUE for defendant/respondent.

2. Exhibit cover sheets should be stapled to the top of the original exhibit.

3. If the exhibit is too large to staple, use a 2-hole ACCO fastener to fasten the exhibit together at the top of the page with the exhibit cover sheet attached to the front. Please do not use paperclips, binder clips, or rubber bands.

4. Exhibit labels are available (in blue or yellow) where stapling cover sheet is not an option. Labels are to be placed on the reverse side of the exhibit in the lower right-hand corner. Please notify the courtroom deputy if labels are needed.

5. Large or bulky items may require the use of tie tags with the exhibit label placed on the tag or marked in a logical location on the item or on the plastic bag containing the item. Large charts should be identified in the lower right-hand corner with an exhibit label. If the exhibit is an enlargement of another marked exhibit, it should be numbered as a sub-part of the smaller exhibit.

## NUMBERING EXHIBITS:

1. Plaintiff should start with Number 1 and advise defendant as to the estimated number of exhibits. Defendant should start with subsequent numbers but allowing space for additional exhibits that may be marked during the hearing. (Example: Plaintiff 1-80; Defendant starts at 100).

2. Use NUMBERS ONLY except when identifying sub-parts (e.g. 3a, 3b, 3c). If sub-parts will be more than a-z for a single exhibit, do not use double letters; instead commence with another number (e.g. 3x, 3y, 3z, 4a, 4b, etc. or 3-1, 3-2,3-3, etc.) It is very difficult for the court, counsel/parties, clerk and court reporter to ask for or listen for exhibits 1aa-1eeee. Categorizing exhibits should be kept as simple and clear as possible. For the most part, USE NUMBERS.

3. The parties shall consult with one another prior to marking exhibits to **avoid marking duplicates**. Either side may move the other's exhibits into evidence.

4. BATES stamp numbers may be placed on each page of larger documents for easier reference. Bocks of numbers may be used to categorize exhibits (e.g. series 1-99 are bank records; series 100-199 are tax returns; series 200-299 are photographs, etc.).

**DELIVERING EXHIBITS:**

**Exhibits shall be delivered to the courtroom deputy by no later than the first day of the hearing unless otherwise directed.**

1. Place all marked exhibits in separate folders (manila or similar) clearly labeled with their corresponding exhibit numbers. Folders of exhibits may be presented to the clerk in an accordion file or file box (depending on the quantity) in numeric order. This will allow the clerk to easily access a particular exhibit during trial. DO NOT attached exhibits to the folders.

2. Prepare additional exhibit cover sheets and folders for any exhibits that may be added to during the hearing.

3. DO NOT place exhibits binders except when the binder is considered ONE marked exhibit. If a binder is used for an individual exhibit, an exhibit cover sheet or label should be securely attached to the front of the binder.

4. During the hearing, please be prepared to advise the courtroom deputy **in advance** which exhibits will be needed for each witness.

**COURTESY COPIES OF EXHIBITS:**

**A courtesy copy of all exhibits should be prepared for the Judge.** Copies of exhibits should be presented prior to trial in a 3-ring binder with numbered tabs corresponding with the exhibit numbers.

Judge's copies of exhibits DO NOT need exhibit cover sheets/labels on them.

**<u>IMPEACHMENT EXHIBITS</u>:**

1. Impeachment exhibits are to be given to the courtroom deputy **the first day of the hearing** (unless directed otherwise) in a SEALED envelope. The envelope should be marked with the caption of the case, case number, and shall identify the party presenting the exhibit.

2. If there are multiple exhibits in one envelope, mark each exhibit with a separate number so that it may be easily identified. DO NOT use numbers already assigned to non-impeachment exhibits. If the exhibit is admitted into evidence, the courtroom deputy will assign the exhibit the next available number.

3. Include copies of all impeachment exhibits in the envelope for the Court and for counsel.

4. Prepare an impeachment exhibit list for the courtroom deputy in the proper format and a courtesy copy for the Court.

**<u>DEPOSITIONS</u>:**

Depositions ARE NOT to be marked as exhibits.

Identify depositions by party (so they can be returned to the correct party), place them in alphabetical order, and give them to the courtroom deputy the morning of the hearing.

**<u>SENSITIVE EXHIBITS</u>:**

1. The courtroom deputy clerk will NOT take custody of any sensitive exhibits. During lengthy breaks and at close of the day, these exhibits are returned to the government (usually the agent) until court resumes. Pursuant to LRCiv 79.1(b):

> Sensitive exhibits, whether or not received as evidence, shall remain in the custody of the arresting or investigating agency or its designee throughout the proceedings, unless otherwise ordered by the Court. Sensitive exhibits include drugs and drug paraphernalia, guns and other weapons, money, and any other exhibit designated as sensitive by the Court.

**<u>WITNESS/EXHIBIT LISTS</u>:**

**Counsel shall also prepare the exhibit and witness <u>lists</u> and provide them to the courtroom deputy in triplicate (3 total, 1 original and 2 copies) on the first day of the hearing.**

1. All marked exhibits should be listed on an exhibit list in the proper format. Be sure to leave space for to add any additional exhibits to be added. Do not mark exhibits as admitted or witnesses as appearing. The courtroom deputy will complete these lists at the hearing.

2. All witnesses should be listed in alphabetic order on a witness list in the proper format.

3. DO NOT FILE these lists. They will be filed by the courtroom deputy at the conclusion of the hearing.

**STIPULATED EXHIBITS:**

Parties may agree on exhibits prior to trial. Counsel may give the courtroom deputy clerk a list of the stipulated exhibits which will be marked into evidence after the parties move for their admission on the record.

**MEDICAL OR TECHNICAL TERMS:**

Provide a list of medical or technical terms (in alphabetical order) to assist the court reporter prior to the commencement of trial. These lists should be emailed to the chambers email address.

**RETURN OF EXHIBITS:**

1. Pursuant to Local Rule (LRCiv 79.1/LRCrim 57.11), all exhibits are returned to respective parties to retain custody pending all appeals. If the exhibits are not picked up within thirty (30) days of the Notice of Return of Exhibits, the clerk may destroy or otherwise dispose of those exhibits.

2. Usually trial exhibits are handed immediately back to the respective counsel by the courtroom deputy at the conclusion of trial. When the case is taken under advisement and a verdict or court ruling issues at a later date, a separate order will follow directing counsel to retrieve the exhibits from the courtroom deputy.

Sample exhibit and witness lists and exhibit tags forms are attached.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CRIMINAL/CIVIL EXHIBIT LIST

______Preliminary Injunction ______TRO ______Non-Jury Trial ______Jury Trial

Case Number CR (CV) _____-_____-_____-MTL Date __________

____________________vs.____________________

_____ Plaintiff/Petitioner _____ Defendant/Respondent

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED IN EVIDENCE | DESCRIPTION |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

CRIMINAL/CIVIL WITNESS LIST

______Preliminary Injunction ______TRO _______Non-Jury Trial _______Jury Trial

Case Number CR (CV) ______-__________-______-MTL Date ________________

_________________________________vs._________________________________

_____ Plaintiff/Petitioner _____ Defendant/Respondent

| NAME | SWORN | APPEARED |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

CASE NO. ____________________

______________________________

VS. __________________________

PLAINTIFF'S EXHIBIT ____________

DATE: ________________________ IDEN.

DATE: ________________________ EVID.

BY: ________________________

Deputy Clerk

CASE NO. ____________________

____________________

VS. ____________________

DEFENDANT'S EXHIBIT ________

DATE: ____________________ IDEN.

DATE: ____________________ EVID.

BY: ____________________

Deputy Clerk