**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Bel Sogno Enterprises LLC,<br>Plaintiff,<br>v.<br>Arrivia Incorporated,<br>Defendant. | No. CV-26-06292-PHX-MTL<br>**ORDER** |

Before the Court is the parties' Joint Discovery Motion Regarding arrivia's Compliance with the Court's September 25, 2026, Order, in which the parties raise several discovery issues. (Doc. 66.) Plaintiff Bel Sogno Enterprises ("BSE") asks the Court to find that Defendant arrivia violated the Court's prior Order (Doc. 34) and to direct arrivia to (1) produce all non-privileged documents hitting on the Court-ordered search terms without relevance review or redactions; (2) produce its custodians' text messages or allow BSE to subpoena them; and (3) produce documents withheld as privileged, serve a revised privilege log, and submit 25 entries involving Mr. Steege for in camera review. (Doc. 66 at 3.) BSE also seeks its fees under Federal Rule of Civil Procedure 37(b)(2)(C). (*Id.*)

**I.**

The parties dispute whether the Order allowed arrivia to apply its own responsiveness review to documents hitting on the Court-ordered terms. BSE argues that arrivia produced only 214 documents out of more than 41,000 hits by limiting relevance to the Target Acquisition. (Doc. 66 at 1-2.) arrivia responds that the terms identified

documents for review, not production, and that common words produced thousands of irrelevant hits, which BSE refuses to narrow. (*Id.* at 4.)

A party may obtain discovery of any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court previously found BSE's terms to be "reasonably tailored to the issues presented by BSE's request for preliminary injunctive relief" and "likely to hit on documents that bear on the question of whether, and to what extent, information from the Protected Production was disseminated and used within arrivia." (Doc. 34 at 3.) The Court also found the terms proportional, and it relied on "BSE's offer to narrow terms that produce a high volume of hits" as "an adequate safeguard against undue burden." (*Id.*) The Court had already rejected arrivia's proposal to confine discovery to its legal team because that limitation "would not reach oral disclosures or downstream business communications that are central to BSE's theory of misappropriation." (*Id.* at 2.)

The Court finds that limiting responsiveness to the Target Acquisition reintroduces the restriction that the Court previously declined to adopt. (*See* Doc. 34 at 2.) However, the Court notes that BSE represented to the Court that it would discuss narrowing terms that produce a high volume of hits. (*Id.* at 3.) Yet when arrivia proposed narrowing the highest volume terms, BSE refused. (Doc. 66 at 4.) The Court will hold BSE to its representation by requiring the parties to meet and confer to narrow each search term that generated more than 500 unique hits.

arrivia will be ordered to produce all non-privileged documents hitting on the Court-ordered terms, subject only to narrowing of the high-volume terms as set forth below. Redactions made based on relevance must be removed, but redactions for passwords, logins, and similar security information are permitted.

## II.

BSE asks the Court to compel production of the custodians' text messages, or alternatively to permit subpoenas to the custodians. (Doc. 66 at 2.) arrivia responds that the custodians' phones are personally owned and outside its control and that it searched the

custodians' company accounts and devices. (*Id.* at 4-5.)

Federal Rule of Civil Procedure 34 reaches documents within a party's "possession, custody, or control," and control means "the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). BSE does not point to anything in the record suggesting that arrivia has the legal right to obtain the contents of its employees' personal phones. (*See* Doc. 66 at 2.) The Order designated custodians, a date range, and search terms, but it did not address text messages or personal devices. (Doc. 34 at 5.) arrivia represents that it searched the custodians' company accounts and devices. (Doc. 66 at 4-5.) The Court finds that BSE does not identify sufficient evidence that the custodians used their personal phones to communicate about the Protected Production. On this record, extending the search to personally owned devices or authorizing subpoenas to arrivia's executives is not likely to produce enough relevant information to justify the burden of such an expanded search. *See* Fed. R. Civ. P. 26(b)(1).

BSE's request will be denied without prejudice.

**III.**

BSE argues that arrivia withheld 799 of 1,013 responsive documents, including nearly every communication involving Mr. Steege, who holds both legal and business roles. (Doc. 66 at 2-3.) BSE also argues that arrivia withheld documents that are not privileged on their face, and that arrivia's log is too generic to assess. (*Id.*) arrivia responds that the withheld documents are primarily communications among its lawyers and legal staff about the arbitration and that waiver is not the remedy for a log dispute. (*Id.* at 5.)

The party asserting privilege bears the burden of establishing each element of the privilege. *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009). A party withholding documents must describe them in a manner that "will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Where a communication involves in-house counsel acting in both legal and business capacities, it is privileged only if its primary purpose is to give or obtain legal advice. *In re Grand Jury*, 23 F.4th 1088, 1091-94 (9th Cir. 2021). Whether a deficient log results in waiver depends on a holistic,

case-by-case analysis, not a per se rule. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Several categories of withheld documents are not privileged on their face. These include the production Mr. Markel made in the arbitration, calendar entries, business records, court filings, and communications with insurance brokers, Markel's counsel, and the arbitrator. (Doc. 66 at 2-3.) Documents that are not themselves privileged do not become privileged because they were attached to a communication with counsel. *See Fisher v. United States*, 425 U.S. 391, 403-04 (1976). arrivia must produce these documents, subject to redaction of any genuinely privileged content in a transmitting communication.

As to the remaining entries, by arrivia's count, 689 of the withheld documents come from the business custodians the Court ordered, (Doc. 66 at 3), and the Court has already noted that BSE's allegations concern in-house counsel's handling of material from the Protected Production, (Doc. 34 at 3). A log that does not identify the capacity in which Mr. Steege acted or the legal purpose of a communication does not allow BSE or the Court to assess the privilege claim. Waiver is too severe a remedy on this record, and in camera review is premature. arrivia has served a log, and the Court will order arrivia to revise it to cure the deficiencies by providing sufficient detail. *See Burlington N.*, 408 F.3d at 1149.

**IV.**

Federal Rule of Civil Procedure 37(b)(2)(C) requires a party who fails to obey a discovery order to pay the reasonable expenses caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust. A position is substantially justified if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Order compelled arrivia to adopt BSE's terms. It did not expressly address whether arrivia could conduct a responsiveness review of the resulting hits. (Doc. 34 at 3, 5.) The Court's reliance on BSE's offer to narrow, which BSE did not honor, added to the

uncertainty. (*Id.* at 3; Doc. 66 at 4.) Although the Court rejects arrivia's reading, it was not unreasonable, and BSE does not prevail on several of the forms of relief it seeks. The Court therefore declines to find that arrivia violated the Order and will deny BSE's request for fees.

The Court previously cautioned counsel that discovery in this case must not become a circus. The Court reiterates that admonition. The disputes resolved here are the kind that counsel should be able to resolve without the Court's intervention, and the Court expects the parties to work cooperatively and in good faith to resolve future disputes before bringing them to the Court.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion (Doc. 66) is **GRANTED IN PART AND DENIED IN PART** as set forth below.

**IT IS FURTHER ORDERED** that, no later than **November 20, 2026**, the parties must meet and confer in good faith to narrow each search term that generated more than 500 unique hits, as reflected in Exhibit A. (*See* Doc. 66-1 at 2-3.)

**IT IS FURTHER ORDERED** that, no later than **November 27, 2026**, arrivia must produce all non-privileged documents hitting on the Court-ordered search terms, as narrowed under the preceding paragraph, without further responsiveness review. arrivia must remove any redactions made based on relevance, but redactions for passwords, logins, and similar security information are permitted.

**IT IS FURTHER ORDERED** that, no later than **November 27, 2026**, arrivia must produce the non-privileged documents described in Section III, including documents included in the Markel production, calendar entries, business records, court filings, communications with third parties, and non-privileged attachments. arrivia must also serve a revised privilege log that identifies for each entry, in sufficient detail, the author and all recipients and their roles, the date, the general subject matter, and the basis for the privilege claims. For each entry involving Mr. Steege, the log must state whether he was acting in a legal or business capacity and the general subject matter of the legal advice sought or given.

. . . .

**IT IS FINALLY ORDERED** that BSE's requests for text messages, a finding of waiver, in camera review, a finding that arrivia violated the Order, and fees under Rule 37(b)(2)(C) are **DENIED** without prejudice.

Dated this 17th day of November, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge